plaintiff entered upon a verdict. The plaintiff and defendants on August 29, 1917, entered into a written agreement for the purchase by the defendants of one car (estimated 60,000 pounds) prime western or Balbach lead at ten and one-eighth cents per pound, to be delivered at New York on pier or ex store during the month of October, 1917, payment to be made by defendants " net cash against bill of lading or delivery order add weigher's return." The complaint set forth the foregoing contract and alleged that a New York delivery was duly tendered to the defendants; that the defendants refused to accept the goods and the plaintiff was thereby damaged. The defendants claimed that prior to the expiration of the period of delivery the place of delivery was changed by agreement of the parties from New York to Perth Amboy, and that the plaintiff failed to deliver the car of lead at Perth Amboy in October, 1917, pursuant to the amended agreement.

*Frederic H. Cowden* for appellants.

*Isidor Enselman* and *Myron Sulzberger* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

CHARLES WIRTH, Respondent, *v.* BURNS BROS., Appellant.

*Negligence — motor vehicles — pedestrian injured by being struck by backing motor truck while crossing street.*

*Wirth* v. *Burns Bros.*, 201 App. Div. 836, affirmed.

(Argued December 8, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 8, 1922, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The complaint alleged that while plaintiff was crossing Second avenue at Seventeenth street in the city of New York he was struck on his right side and thrown to the ground

by the left rear end of a large automobile coal truck which was proceeding backward over the crossing, and the left rear wheel ran upon his left foot, crushing it and inflicting serious and permanent injuries.

*Lyman A. Spalding* and *Louis H. Moos* for appellant.
*Sidney L. Teven* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and McLAUGHLIN, J. Not voting: POUND, J.

---

THE BOARD OF EDUCATION OF THE CITY OF ROCHESTER, Appellant, *v.* CLARENCE D. VAN ZANDT et al., Constituting the Board of Estimate and Apportionment of the City of Rochester, Respondents.

*Constitutional law — tax — municipal corporations — schools — moneys expended for public education included in constitutional limitation of amount to be raised by tax for city purposes.*

*Board of Education, City of Rochester,* v. *Van Zandt,* 204 App. Div. 856, affirmed.

(Argued December 11, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 18, 1922, affirming a judgment in favor of defendants entered upon a decision of the court on trial at an Equity Term. The relief sought was a declaratory judgment, pursuant to section 473 of the Civil Practice Act, that moneys raised by tax in the city of Rochester appropriated to and for the use of the board of education of said city and expended for public education are not part of the amount to be raised by tax for city purposes within the meaning of that part of section 10 of article 8 of the Constitution of the state of New York which provides, " the amount hereafter to be raised by tax for county or city purposes, in any county containing a city of over one hundred thousand inhabitants, or any such city of this state, in addition to providing for the principal and interest of existing debt, shall not in